UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

00cv10297REK

PHALY POY and TOEUR EM,

        Plaintiffs

vs.

OFFICER JOHN BOUTSELIS, individually
and in his official capacity as a
police officer,

INSPECTOR PHILIP CONROY, individually,
and in his capacity as a Police
Inspector,

EDWARD DAVIS, in his official
capacity as the Chief of Police for the
City of Lowell,

THE CITY OF LOWELL, a Municipal
corporation duly established
under the laws of the Commonwealth
of Massachusetts,

and

SOKHAM NEOV d/b/a THE GOLDEN SWAN, an
individual residing in Lowell,
Massachusetts

        Defendants

COMPLAINT
and
DEMAND FOR JURY TRIAL



## PARTIES

1. **Phaly Poy** (hereinafter sometimes referred to as the "Plaintiff Poy") is a resident of Lowell, Massachusetts.

2. **Toeur Em**, (hereinafter sometimes referred to as the "Plaintiff Em") is a resident of Lowell, Massachusetts.

3. **John Boutselis** (hereinafter sometimes referred to as "Defendant **Boutselis**"), the Defendant, is and was at all times



United States District Court                                                2
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

   pertinent to the allegations of this Complaint, a police officer employed by the City of Lowell and also employed by **Sokham Neov d/b/a The Golden Swan** and a citizen of the United States.

4. **Inspector Philip Conroy** (hereinafter sometimes referred to as "Defendant **Conroy**"), is and was at all times pertinent to the allegations of this Complaint, a police inspector employed by the City of Lowell and a citizen of the United States.

5. **Chief of Police Edward Davis** (hereinafter sometimes referred to as the "Defendant **Davis**"), is and was at all times pertinent to the allegations of this Complaint, the Chief of Police of the City of Lowell, with a principal office at 50 Arcand Drive, Lowell, Massachusetts 01852, and is responsible for the practices, conduct and policies of the Lowell Police Department and all of its individual members, including the adequate hiring, training, testing, instructing, supervising, controlling, investigating, and disciplining of police officers.

6. The Defendant, the **City of Lowell** (hereinafter sometimes referred to as "Defendant **City of Lowell**"), is and was at all times pertinent to the allegations of this Complaint a municipal corporation duly established under the laws of the Commonwealth of Massachusetts, with a principal office at City Hall, 375 Merrimack Street, Lowell, Massachusetts 01852.

7. The Defendant, **Sokham Neov d/b/a The Golden Swan**, is and was at all times pertinent to the allegations of this Complaint, the owner of **The Golden Swan**, a restaurant, who had employed Defendant **Boutselis** at all times pertinent to the allegations of this Complaint.

                              **JURISDICTION**

8. This is an action under the Federal Civil Rights Act, 42 U.S.C., Sections 1981, 1982, 1983, 1985, 1986 and 1988, and under the Massachusetts Civil Rights Act, M.G.L. Chapter 12, Section 11i. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343. The Plaintiffs **Poy** and **Em** further invoke the pendant jurisdiction of this Court to consider the causes of action arising under State law and sounding in tort.

9. The Defendants, by their actions and lack of actions, did

United States District Court  3
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

       thereby violate Plaintiffs **Poy**'s and **Em**'s rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

10. The Defendants, by their actions and lack of actions, did thereby violate the Plaintiffs **Poy**'s and **Em**'s rights under Articles I, V, X, XI and XXVI of the Massachusetts Constitution.

11. There exist between the parties an actual controversy justiciable in nature.

12. The matter in controversy exceeds fifty thousand dollars ($50,000.00) exclusive of interest and costs. Plaintiffs **Poy** and **Em** seek inter alia, a declaration of rights under 28 U.S.C. Sec. 2201.

## STATEMENT OF FACTS

13. On February 17, 1997, the Plaintiff **Poy** met Sophea Tith and Seth Sem and they all proceeded to an establishment known as The Golden Swan located at the corner of Suffolk and Adams Street, Lowell, Massachusetts.

14. At approximately 11:00 p.m. the Plaintiff **Poy** arrived at the front door of the Golden Swan. The doorman told the Plaintiff **Poy** that he could not enter, that the establishment was closing. The Plaintiff **Poy** remained at the front door and looked in at the front door to find a friend. At that point, the Defendant **Boutselis**, approached the Plaintiff **Poy** at the front door and told the Plaintiff **Poy** to leave or physical harm would be inflicted on him. The Plaintiff **Poy** responded, "That's not going to happen" and turned to leave. As the Plaintiff **Poy** walked away from the door, the Defendant, **Boutselis**, rushed forward, pushed the Plaintiff **Poy** down on the ground, jumped on top of the Plaintiff **Poy** and proceeded to beat the Plaintiff **Poy** with his hand about the face. After beating the Plaintiff **Poy** about the face with his hand, the Defendant **Boutselis**, then reached back with his hand and pulled out one of three metal handcuffs from his gun belt, put his hand through the handcuffs, and beat the Plaintiff **Poy** about the head, specifically above the right eye with the handcuffs.

United States District Court                                                    4
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

15. After beating the Plaintiff **Poy** about the head with the handcuffs during which time the Plaintiff **Poy** sustained a laceration of the forehead, the Defendant **Boutselis** then handcuffed the Plaintiff **Poy** with the Plaintiff **Poy**'s left hand pulled up over his left shoulder, and the Plaintiff **Poy**'s right hand pulled down under his back and handcuffed diagonally behind his back.

16. The Defendant **Boutselis** the picked up the Plaintiff **Poy** by the handcuffs and pulled him outside into the parking lot where the Defendant **Boutselis** dropped the Plaintiff **Poy** on the ground.

17. While Defendant **Boutselis** was beating Plaintiff **Poy**, the Defendant **Conroy** pushed the Plaintiff **Em**, who was a customer at The Golden Swan, and handcuffed and arrested Plaintiff **Em**. The Defendant **Conroy** falsely arrested, falsely imprisoned and otherwise denied the Statutory and constitutional rights of Plaintiff **Em**. Listed among the false charges were assault and battery on a police officer.

18. Plaintiffs **Poy** and **Em** remained totally passive, cooperative and respectful during this time.

19. Plaintiff **Poy** was then transported to the hospital where he underwent treatment for his injuries which included stitches to a laceration over his right eye. About an hour after being brought to the hospital, Defendant **Officer John Boutselis** falsely arrested, falsely imprisoned and otherwise denied the statutory and constitutional rights of Plaintiff **Poy**. Listed among the false charges brought by Defendant **Boutselis** were: Disorderly Person, Assault and Battery on a Police Officer, Assault and Battery with a Dangerous Weapon and Resisting a Police Officer.

20. Defendant **Boutselis**, a police officer with over ten (10) years experience, knew or should have known that he had no probable cause to arrest and charge Plaintiff **Poy** with the criminal offenses he charged Plaintiff **Poy** with.

21. Defendant **Conroy**, a police inspector with over ten (10) years experience, knew or should have known that he had no probable

United States District Court                                                5
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

cause to arrest and charge Plaintiff **Em** with the criminal offenses he charged Plaintiff **Em** with.

22. The facts and physical evidence present supported Plaintiff **Poy**'s and Plaintiff **Em**'s version of what had transpired. On or about September 4, 1997, criminal charges against the Plaintiff **Poy** and Plaintiff **Em** came to a Jury Trial. After three (3) days of Trial and numerous witnesses, the Plaintiffs **Poy** and **Em** were found not guilty of all charges. See _Commonwealth v. Poy_, Lowell District Court, Docket No. 9711-CR-1340. See _Commonwealth v. Em_, Lowell District Court.

23. The Defendants **Conroy** and **Davis** never properly investigated, interviewed witnesses, nor otherwise fulfilled their duties under the oath they take as Massachusetts police officers depriving Plaintiffs **Poy** and **Em** of Federal and State constitutional laws.

24. Plaintiffs **Poy** and **Em** were further harmed through Newspaper Headlines and articles which quoted police sources based on the Defendants **Conroy** and **Davis'** actions while refuting Plaintiff **Poy**'s and **Em**'s person.

25. As a result of the physical injuries sustained and being assaulted with a dangerous weapon, Plaintiff **Poy** had to have stitches on his forehead, over his left eyebrow to close a wound.

26. As a result of the false arrest, Plaintiff **Poy** was falsely imprisoned.

27. Plaintiffs **Poy** and **Em** suffered psychological and emotional damages as a result of this incident.

28. On information and belief, Defendants **Boutselis** and **Conroy** attended the police academy and received initial training in appropriate arrest procedures and constitutional rights. They also took an oath upon being sworn in as a police officers. They knew or should have known that they violated the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Consitution, falsely arrested and imprisoned and otherwise denied the constitutional and statutory rights of the Plaintiffs **Poy** and **Em**.

United States District Court 6
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

29. On information and belief, Defendants **Davis** and the **City of Lowell** failed to adequately train, investigate, supervise and discipline the officers employed in the Lowell Police Department.

30. The above acts are grossly negligent, meant to intentionally harm Plaintiff **Poy** and Plaintiff **Em**.

### COUNT I: FALSE ARREST AND FALSE IMPRISONMENT

31. Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. As a direct and proximate result of the malicious, wanton and wilful acts of the Defendants, acting under color of law, Plaintiffs **Poy** and **Em** were intentionally and unlawfully arrested and confined without their consent and without probable cause, and thereby were deprived of rights guaranteed to them by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Part I, Article 10 of the Massachusetts Constitution. Plaintiffs **Poy** and **Em** were also damaged in their reputations, suffered defamation of character, prevented in engaging in their usual activities, and caused to endure pain, suffering and mental anguish.

33. The Plaintiffs **Poy** and **Em** are thereby entitled to damages and equitable relief under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Sections 1983 and 1988, the Declaration of Rights under the Massachusetts Constitution, M.G.L. Chapter 12, Section 11i, and under Massachusetts common law.

### COUNT II: EXCESSIVE FORCE, HARASSMENT AND INTIMIDATION

34. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. As a direct and proximate result of this reckless, grossly negligent, malicious, wanton and/or willful acts of Defendants **Boutselis** and **Conroy**, acting under color of law, the

Defendants **Boutselis** and **Conroy**, by their use of excessive, illegal and unjustified force in taking an arrest, deprived Plaintiffs **Poy** and **Em** of their rights, privileges and immunities as guaranteed by the United States Constitution as follows:

a. The Plaintiffs **Poy** and **Em** were deprived of their rights to be free of physical abuse, coercion and intimidation in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

b. The Plaintiffs **Poy** and **Em** were deprived of their rights to be free from summary and cruel and unusual punishment as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; and,

c. The Plaintiffs **Poy** and **Em** were deprived of their rights to due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

36. Plaintiffs **Poy** and **Em** are thereby entitled to damages under 42 U.S.C. Sections 1983 and 1988, and M.G.L. Chapter 12, Section 11i and other state laws.

### COUNT III: ASSAULT AND BATTERY

37. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. Defendants **Boutselis** and **Conroy** did unlawfully commit an assault and battery against the Plaintiffs **Poy** and **Em** in violation of Massachusetts common law.

### COUNT IV: RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. As a direct and proximate result of the acts of Defendants **Boutselis** and **Conroy**, the Plaintiffs **Poy** and **Em** did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that

United States District Court
Civil Action No.

8

Complaint and Demand for Jury Trial
(Cont'd)

no reasonable persons could or should be expected to endure, and the Defendants **Boutselis** and **Conroy** knew or should have known that their acts would cause such emotional distress, pain and suffering, mental anguish, humiliation and embarrassment which was recklessly and/or intentionally inflicted.

### COUNT V: UNCONSTITUTIONAL POLICY OR CUSTOM/NEGLIGENCE

41. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Defendants **Davis** and **The City of Lowell** have failed to adequately train, instruct, supervise, investigate, control and discipline Defendants **Boutselis** and **Conroy**. This deliberate indifference has been grossly negligent.

43. With the knowledge of and under the direction of Defendant **Davis**, and the Defendant **The City of Lowell**, the Lowell Police Department and its individual members, acting under color of law, have engaged in a pattern of conduct in violation of the Plaintiffs **Poy**'s and **Em**'s constitutional rights. Defendant **Davis**, and the Defendant **The City of Lowell** have failed to adequately train, instruct, supervise, control, investigate and discipline Defendants **Boutselis** and **Conroy** who denied Plaintiffs **Poy** and **Em** their rights as guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution as well as the Massachusetts Constitution.

44. The official policy, custom and/or usage of the Defendant **Davis** and the Defendant **The City of Lowell** is unconstitutional insofar as it dictates, encourages and/or permits officers to violate the rights of its citizens.

45. The official policy, custom and/or usage of Defendant **Davis**, and the Defendant **The City of Lowell** violates the Constitution of the United States and the Commonwealth of Massachusetts and caused the violations of the constitutional rights of the Plaintiffs **Poy** and **Em** as alleged in this Complaint.

46. The Plaintiffs **Poy** and **Em** are thereby entitled to damages and equitable relief under the United States Constitution, 42

United States District Court                                                    9
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

      U.S.C. Sections 1983 and 1988, M.G.L. Chapter 12, Sections 11i, M.G.L. Chapter 258, Section 4 and other state laws as well as rights secured by the Massachusetts Constitution.

### COUNT VI: NEGLIGENCE/MASSACHUSETTS TORT CLAIM

47. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

48. The Defendant **The City of Lowell** is liable to the Plaintiffs **Poy** and **Em** for damages up to One Hundred Thousand Dollars ($100,000.00) pursuant to M.G.L. Chapter 258, Section 4.

### COUNT VII: NEGLIGENCE HIRING RETENTION AND SUPERVISION

49. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. Defendant **Sokham Neov d/b/a The Golden Swan**, as the private employer of Defendant **Boutselis**, his agent and/or assigned, failed to fulfill his duty of care to adequately train, instruct, supervise, investigate, control and discipline Defendant **Boutselis**. This deliberate indifference has been grossly negligent.

51. Defendant **Sokham Neov d/b/a The Golden Swan**, as the private employer of Defendant **Boutselis**, his agent and/or assigned, knew, or should have known, of any previous incidences of violent conduct, directed by his employee, Defendant **Boutselis**, towards the general public.

52. Defendant **Sokham Neov d/b/a the Golden Swan**, as the private employer of Defendant **Boutselis**, his agent and/or assigned, failed in his duty to determined the nature or extent of such past conduct, to assure himself that his employee, Defendant **Boutselis**, did not present a danger to his customers.

53. The Plaintiffs **Poy** and **Em** are thereby entitled to damages and equitable relief based on the employer Defendant **Sokham Neov**'s negligent hiring, retention, and supervision of Defendant

United States District Court                                          10
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

    Boutselis, his employee, agent and/or assigned.

### COUNT VIII: RESPONDEAT SUPERIOR

54. The Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. The Plaintiffs **Poy** and **Em**, based upon the theory of Respondeat Superior, are entitled to damages and equitable relief from Defendant **Sokham Neov**, arising from the negligent and/or intentional acts of Defendant **Boutselis**, which constituted his official duties, and were done in furtherance of his employer's interest.

### COUNT VIII: PREMISES LIABILITY

56. Plaintiffs **Poy** and **Em** hereby incorporate by reference the allegations of Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. Defendant **Sokham Neov d/b/a The Golden Swan**, owed plaintiffs **Poy** and **Em** a duty to maintain its premises in a safe and orderly condition, and due to the acts of the Defendant's employee, Defendant **Boutselis**, such acts causing Plaintiffs substantial harm, injury, and/or other damages, defendant **Sokham Neov, d/b/a The Golden Swan**, breached such duty, and is liable to the Plainitffs therefore.

### PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff **Phaly Poy** prays that this Court enter judgment for him and:

58. Compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00) from the Defendants jointly and severally.

59. Award punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00) from the Defendant **The City of Lowell**.

United States District Court                                                       11
Civil Action No.

**Complaint and Demand for Jury Trial**
(Cont'd)

60. Award punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00) from the Defendant **Lowell Chief of Police**.

61. Order the Defendants jointly and severally to pay monetary for the days Plaintiff **Poy** was held without bail.

62. Grant Plaintiff **Poy** costs and attorneys fees.

63. Grant such other relief that this Court deems just, equitable and appropriate.

   **WHEREFORE**, Plaintiff **Toeur Em** prays that this Court enter judgment for him and:

64. Compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00) from the Defendants jointly and severally.

65. Award punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00) from the Defendant **The City of Lowell**.

66. Award punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00) from the Defendant **Lowell Chief of Police**.

67. Order the Defendants jointly and severally to pay monetary for the days Plaintiff **Em** was held without bail.

68. Grant Plaintiff **Em** costs and attorneys fees.

69. Grant such other relief that this Court deems just, equitable and appropriate.

   The Plaintiffs **Poy** and **Em** reserve the right to amend this Complaint.

United States District Court                                                    12
Civil Action No.

Complaint and Demand for Jury Trial
(Cont'd)

    The Plaintiffs Poy and Em hereby demand a jury trial on all counts.

                                             Phaly Poy, Plaintiff,
                                             Toeur Em, Plaintiff
                                             By their attorney:

                                             /s/ Howard B. Wernick
                                             Howard B. Wernick, Esquire
                                             44 School Street, #710
                                             Boston, MA    02108
                                             (617) 248-8831  BBO #523000

Dated:    February 16, 2000